UNITED STATES of America,
Plaintiff–Appellee,

v.

Fredy FIGUEROA–MONTES,
aka Huichol, aka Wichol,
Defendant–Appellant.

No. 14–30071.

United States Court of Appeals,
Ninth Circuit.

Submitted May 6, 2015.*

Filed May 14, 2015.

Jennifer. Jane Martin, Assistant U.S., Kelly A. Zusman, Assistant U.S., Office of the U.S. Attorney, Portland, OR, Jeffrey S. Sweet, Assistant U.S., U.S. Attorney's Office, Eugene, OR, for Plaintiff–Appellee.

Laura Graser, Portland, OR, for Defendant–Appellant.

Before: W. FLETCHER and HURWITZ, Circuit Judges and CURIEL,** District Judge.

## MEMORANDUM ***

Fredy Figueroa–Montes appeals his convictions for conspiracy to manufacture marijuana, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846, and depredation of government property, 18 U.S.C. §§ 2, 1361, in connection with a marijuana growing operation in a national forest. He challenges the jury instructions on his duress defense, which included Instruction 24, a general instruction on duress, and Instructions 25–27, each defining an element of duress. Figueroa–Montes concedes that the general instruction was "correct," but argues that the district court abused its discretion in giving the additional instructions and that, taken as a whole, the duress instructions were therefore misleading. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

1. Taken as a whole, the duress instructions were not misleading and properly instructed the jury that a duress defense can be based on an implied threat. *See United States v. Chao Fan Xu*, 706 F.3d 965, 985 (9th Cir.2013); *United States v. Navarro*, 608 F.3d 529, 533 (9th Cir. 2010). Nothing in the definitional instructions undercut the general instruction's explicit statement that "the threat of harm may be express or implied."

2. *Instruction 25.* The instruction's statement that a threat must be "specific" and "direct" to establish duress does not suggest that a threat to a family member, rather than the defendant himself, does not qualify. Indeed, the general duress instruction explicitly stated that duress can be established by a threat to "the defendant or a family member of the defendant." To the extent that Instruction 25 cautioned that a generalized fear by the defendant that members of his family would be harmed did not constitute duress, it reflected settled law. *See Navarro*, 608 F.3d at 533 ("A threat, for purposes of duress, may be express or implied, so long

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Gonzalo P. Curiel, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

as it is an immediate threat as distinguished from generalized fear.").

3. *Instruction 26.* The instruction's definition of the "well-grounded fear" required for duress as an "objectively reasonable fear that the present, immediate, or impending threat will be carried out," did not indicate that a threat to Figueroa–Montes's family in Mexico would not establish duress because they were not "present" at the marijuana growing site. "Present" was plainly used in the instruction in its temporal, not geographical, sense.

4. *Instruction 27.* "Under any definition of [duress or necessity,] . . . if there was a reasonable, legal alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm, the defenses will fail." *United States v. Bailey,* 444 U.S. 394, 410, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980) (internal quotation marks omitted). This instruction did not impose any improper burden on Figueroa–Montes by identifying "contacting police" and "otherwise removing himself" from the growing operation as potential reasonable, legal alternatives.

**AFFIRMED.**